865 P.2d 1363 (1993)
S.H., a minor, By and Through R.H., his father and guardian ad litem, R.H., individually, and K.H., individually, Plaintiffs and Appellants,
v.
STATE of Utah, Granite School District, Utah State School for the Deaf and Blind, Utah State Board of Education, Yellow Cab Drivers Association, Inc., a Utah corporation, Clarence Froman, Barry E. Froman, and Charles L. Marsh, Jr., Defendants and Appellees.
No. 920331.
Supreme Court of Utah.
December 23, 1993.
*1364 Richard K. Hincks, Jay R. Mohlman, Salt Lake City, for plaintiffs and appellants.
R. Paul Van Dam, Atty. Gen., Brent A. Burnett, Asst. Atty. Gen., Salt Lake City, for State of Utah, Granite School Dist., State Bd. of Educ. Donald J. Winder, Lincoln W. Hobbs, Salt Lake City, for School for the Deaf and Blind.
ZIMMERMAN, Justice:
Plaintiffs appeal from an order of summary judgment in favor of the State of Utah, Granite School District, the Utah State School for the Deaf and Blind, and the Utah State Board of Education ("school defendants"). We affirm.
In reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in a light most favorable to the nonmoving party. Higgins v. Salt Lake County, 855 P.2d 231, 233 (Utah 1993). We state the facts in this case accordingly.
Plaintiff S.H., a deaf child, was transported daily to a school for the deaf and blind in a taxi owned by Yellow Cab, a company under contract with the school defendants to transport handicapped children. During one ride, the taxi driver, Charles Marsh, sexually molested and assaulted S.H.
Plaintiffs R.H. and K.H., suing on behalf of their son and on behalf of themselves, claimed that several students had been sexually molested by other Yellow Cab drivers and that the school defendants had been aware of these previous incidents. As a result, plaintiffs alleged that the school defendants negligently employed, instructed, contracted with, or directed the Yellow Cab Co., as well as the other named defendants. The school defendants moved to dismiss the suit on the ground that they were immune under the Utah Governmental Immunity Act. See Utah Code Ann. § 63-30-10(2). After a hearing on the motion, the trial court dismissed the suit with prejudice against the school defendants on the basis of governmental immunity for injuries resulting from a battery. See id.
Plaintiffs challenge the trial court's ruling, arguing that S.H.'s injuries did not result from an assault and battery by an employee of the school defendants, but rather was the result of the school defendants' negligent hiring, retention, and supervision of the Yellow Cab Co. and the other defendants. *1365 Plaintiffs believe that their claim is particularly relevant in light of the fact that the school defendants knew of prior sexual abuse by employees of the cab company. Such knowledge, they claim, created a higher duty to plaintiffs, which they allege the school defendants breached.
Our recent decisions in Ledfors v. Emery County School District, 849 P.2d 1162 (Utah 1993), and Higgins are dispositive here. In both cases, the underlying cause of the injury was assault or battery, and we noted in both that section 63-30-10(2) retains immunity from suit for negligence that results in an "injury [that] arises out of ... [an] assault [or] battery." Utah Code Ann. § 63-30-10(2); Higgins, 855 P.2d at 240; Ledfors, 849 P.2d at 1166-67. In Ledfors, we stated that the structure of the Utah Governmental Immunity Act, especially section 63-30-10, focuses on the conduct or situation out of which the injury arose, not on the status of the party inflicting the injury. 849 P.2d at 1166. We repeated that this court has previously rejected "claims that have reflected attempts to evade these statutory categories by recharacterization of the supposed cause of the injury." Id. Plaintiffs here have provided no legal argument that would set this case apart.
Plaintiffs may find the immunity given by the legislature unconscionable, but their remedy lies with that same legislature. The judgment of the trial court is affirmed.
HALL, C.J., and HOWE, A.C.J., concur.
STEWART, Justice, dissenting:
This is an action by S.H., a deaf child, for sexual abuse committed on him while being transported in a taxi cab to the Utah State School for the Deaf and Blind. In 1989, the State of Utah, through the School for the Deaf and Blind, contracted with Yellow Cab to transport handicapped children to and from the school. Charles Marsh, who drives a Yellow Cab, sexually assaulted S.H. while transporting him from his home to the school. School officials were aware that other Yellow Cab drivers had sexually assaulted other students and apparently took no precautions to protect S.H. or other children from such assaults.
S.H. named as defendants the State of Utah, several of its agencies and their employees, and the Yellow Cab Drivers Association, Inc. The State pleaded sovereign immunity as a defense to the action, and the trial court dismissed the action as to the State and its agencies on that ground.
The majority of the Court affirms the dismissal on the authority of Higgins v. Salt Lake County, 855 P.2d 231 (Utah 1993), and Ledfors v. Emery County School District, 849 P.2d 1162 (Utah 1993). Those cases held that under Utah Code Ann. § 63-30-10(2),[1] the State is immune for any "injury [that] arises out of [an] assault [or] battery." Higgins, 855 P.2d at 240; Ledfors, 849 P.2d at 1166.
For the purposes of this appeal, we are obliged to accept as true the allegation that school officials entrusted with the welfare of children acted in a negligent manner when it contracted for S.H.'s transportation by a company that school officials knew or should have known had employed drivers who had abused other children. There are persuasive reasons for imposing tort liability in such circumstances. Tort liability has a powerful deterrent effect on future conduct and would do much to protect other children from being harmed under similar circumstances. Tort liability might also provide necessary funds to rehabilitate the victim of such an assault.
In addition, I do not believe that the construction placed on § 63-30-10(2) by Higgins and Ledfors necessarily controls this case, and in my opinion, the Court takes an unnecessarily narrow view of that section. The statutory provision states:

Immunity from suit of all governmental entities is waived for injury proximately caused by a negligent act or omission of an employee committed within the scope of *1366 employment except if the injury arises out of:

...;
(2) assault, battery, false imprisonment, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, or violation of civil rights[.]
(Emphasis added.)
Section 63-30-10(2) was intended to protect the State from tort liability for the intentional tortious conduct of its own agents and employees. That, of course, is a legitimate purpose consistent with the general law of agency. As a general rule, masters and principals are not liable for the intentional torts of agents or employees unless the tort is committed within the scope of employment. See Hodges v. Gibson Products Co., 811 P.2d 151, 156 (Utah 1991); Birkner v. Salt Lake County, 771 P.2d 1053, 1056-59 (Utah 1989); W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 70, at 505 (5th ed. 1984). It is also a general rule that intentional torts such as assault and battery are not within the scope of employment. See Birkner, 771 P.2d 1056-59; Hodges, 811 P.2d at 156-57. Here, of course, the cab driver was not an employee or agent. Thus, the majority's construction of § 63-30-10(2) results in a much broader immunity than the ordinary master-servant rule.
In the instant case, the State's agents negligently contracted with Yellow Cab. Based on the literal language of § 63-30-10, the injury inflicted on S.H. was "proximately caused by a negligent act or omission" of a state employee. It is that negligence of which plaintiff complains. It should make no difference whether the State's negligence in contracting for S.H.'s transportation resulted in injuries arising from an automobile accident or from acts of sexual abuse. What is critical is that the State's negligence proximately caused the injury inflicted on S.H. The wrong that the State committed here was in negligently contracting with a cab company known by State employees to employ drivers who constituted a threat to the children. The injury here arose out of and was "proximately caused by" the State's negligent contracting.
It is indefensible for a child who is injured by a negligently hired cab driver to be able to recover from the State for an injury caused by the cab driver's negligently colliding with another automobile but not to be able to recover when that contractor assaults the child. I do not believe that the statute was intended to require that result.
DURHAM, J., concurs in the dissenting opinion of STEWART, J.
NOTES
[1] This section was codified at Utah Code Ann. § 63-30-10(1)(b) when those cases were decided.